IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH C. HUDDLESTON                                                                    PLAINTIFF

V.                                            NO. 14-5066

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Joseph C. Huddleston, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for DIB on June 14, 2011, alleging an inability to work since February 16, 2010, due to: "finger on right hand does not move;" "left shoulder injury from car wreck;" and "knee injury from car wreck." (Tr. 91). An administrative hearing was held on June 13, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 210-233).

By written decision dated September 20, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - disorder of the left shoulder; disorder of the right hand; disorder of the spine; and obesity. (Tr. 13). However, after reviewing

all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) with no overhead reaching with the left upper extremity or frequent grasping, handling, fingering, and feeling the right upper extremity.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but would be able to perform such jobs as machine tender and housekeeping. (Tr. 17-18)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 23, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

AO72A
(Rev. 8/82)

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if

the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III. Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ failed to properly evaluate and weigh the medical evidence of record; 2) The ALJ erred in his credibility assessment; 3) The ALJ erred in discounting the Plaintiff's testimony and failed to give proper weight to his subjective complaints; 4) The ALJ failed to fully and fairly develop the record with regard to Plaintiff's physical and mental impairments; 5) the ALJ erred in his RFC determination; and 6) The ALJ erred in finding Plaintiff would be able to perform certain jobs. (Doc. 11). Plaintiff's arguments fall into three categories and will be addressed accordingly - credibility analysis, RFC determination, and failure to fully and fairly develop the record.

### A. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966

(8th Cir. 2003).

Plaintiff argues that the ALJ erred when he found Plaintiff's lack of treatment and medication non-compliance weighed against his credibility and noted that there was no evidence that he had exhausted low-cost or free medication programs. It is for the ALJ to determine a Plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, and such failure may be excused by a lack of funds. Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir. 1984); Jackson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989). However, in this case, no testimony was developed regarding whether Plaintiff had tried any charitable options or was aware that charitable programs were available. Plaintiff's attorney could have inquired at the hearing as to any efforts Plaintiff had made to seek low-cost or free medication programs, and failed to do so. The ALJ therefore properly considered the fact that there was no evidence in the record that plaintiff was turned down for low-cost or free treatment, including low-cost or free prescription medication assistance. See, e.g., Murphy v. Sullivan, 953 F.2d 383, 386-387 (8th Cir. 1992); Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999). In addition, Plaintiff was somehow able to afford to smoke 1 pack of cigarettes per day (Tr. 140, 188), and Plaintiff's smoking habit discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). In addition, the record reflects that Plaintiff received treatment when he sought it.

The ALJ also noted that Plaintiff did not return pain reports sent to him for completion on May 2, 2010 and October 11, 2011, in connection with his application for disability benefits. (Tr. 16). He also noted that the overall medical evidence of record did not indicate that Plaintiff

experienced any level of pain that had resulted in severely restricted activities. The ALJ concluded that pain was substantiated by the record, but that Plaintiff's degree of pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of the RFC determined by the ALJ. (Tr. 16).

Based upon the foregoing as well as the record as a whole, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

### B.     RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

As stated earlier, the ALJ found that Plaintiff retained the RFC to perform light work, with no overhead reaching with the left upper extremity or frequent grasping, handling, fingering, and feeling of the right upper extremity. (Tr. 14). In making this determination, the

ALJ considered the minimal medical records in this case. The records reveal that Plaintiff saw Dr. Kevin Richter twice in 2009 for ear pain and the flu. (Tr. 140, 142). He presented to NMC - Springdale on March 26, 2010, complaining of back pain, and an x-ray of Plaintiff's thoracic spine was performed, which revealed no definite radiographic evidence of an acute process. (Tr. 148). Thereafter, on July 16, 2010, Dr. Randy Duane Conover performed a General Physical Examination, and on September 8, 2011, another General Physical Examination was performed by Dr. K. Marcus Poemoceah. (Tr. 150-154, 166-179). Dr. Conover concluded that Plaintiff had moderate limitations in the ability to lift, carry, handle, finger, and speak, and would be hindered secondary to his diagnosis of mild osteoarthritis, trigger finger 4th digit right hand, COPD, Hx ETOH, CTS, depression/anxiety, diarrhea, and mild speech impairment. (Tr. 154). Dr. Poemoceah reported that Plaintiff could perform all limb functions except he was barely able to walk on his heels and toes and was barely able to squat/arise from a squatting position. (Tr. 169). He also reported that Plaintiff had 100% grip in both hands. (Tr. 169). He diagnosed Plaintiff with shoulder and arm pain and degenerative joint disease of the lumbar spine. (Tr. 170). The ALJ gave the opinions of Dr. Conover and Dr. Poemoceah some weight, and found that although Dr. Conover noted limited range of motion for just about all his extremities, Dr. Poemoceah later found Plaintiff had full grip strength bilaterally. (Tr. 15).

Two Physical RFC Assessments were completed by non-examining consultants, one on July 21, 2010, by Dr. David L. Hicks, and one on September 12, 2011, by Dr. Karmen Hopkins. (Tr. 158-165, 174-181). Dr. Hicks and Dr. Hopkins concluded that Plaintiff would be able to perform light work. (Tr. 165, 181). This opinion was affirmed by Dr. Bill F. Payne, on November 9, 2011. (Tr. 186).

On November 29, 2011, Plaintiff presented to Northwest Health Hospital, complaining of chest pain and pneumonia. (Tr. 194). An echocardiogram revealed normal findings, and it was recommended that Plaintiff stop smoking, and to exercise daily to increase his heart rate. (Tr. 194).

Based upon the foregoing and the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the opinions of the various physicians.

### C.    Failure to Fully and Fairly Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately

developed the record; rather, such an assessment is made on a case-by-case basis." <u>Mans v. Colvin,</u> No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting <u>Battles v. Shalala</u>, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff argues that he has a speech impairment and that he did not understand his diagnoses or the purposes of the medications which were prescribed. Plaintiff argues that he is limited in his ability to communicate by his speech impairment and limited intellectual functioning, and believes the ALJ should have further developed his IQ and physical impairments to determine whether he meets Listing 12.05C. Plaintiff also believes the ALJ should have his ability to read and write formally assessed. Finally, Plaintiff argues the ALJ should have more fully developed the record regarding his physical impairments.

With respect to Plaintiff's mental impairments, it is noteworthy that Plaintiff did not list any mental impairments in his application documents, which is significant. <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1039 (8th Cir. 2001). In addition, there is no evidence that Plaintiff sought or received any treatment for alleged mental impairments during the relevant time period. The first record of Plaintiff's depression is in Dr. Conover's General Physical Examination report, dated July 16, 2010. (Tr. 151). There is a clear lack of evidence that Plaintiff was suffering from a mental impairment, and the ALJ did not fail to fully and fairly develop the record in this regard.

With respect to Plaintiff's intellectual functioning, a field interviewer reported that Plaintiff's speech patterns and use of works was that of someone with a limited education. (Tr. 63). At the hearing, Plaintiff testified that the last grade he completed was the sixth grade, that he could "read a little bit," did not read the newspaper or books, could read "minor stuff" like police sections in the newspaper, and that he could write sentences sometimes. (Tr. 217-218).

AO72A
(Rev. 8/82)

He was able to read arrest records, but could not write a letter.

Education is clearly a vocational factor, and is primarily used to mean formal schooling or other training which contributes to a claimant's ability to meet vocational requirements, "for example, reasoning ability, communicating skills, and arithmetical ability." 20 C.F.R. § 416.964(a). "Marginal education" means "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 416.964(b)(2). The regulations indicate that formal schooling at a 6th grade level or less is generally considered a marginal education. Id.

In his opinion, although the ALJ's RFC did not require "unskilled" jobs, in his hypothetical questions posed to the VE, the ALJ asked the VE to assume someone of Plaintiff's same education and work experience, who could perform light work with certain physical limitations. (Tr. 230-231). The VE was present at the hearing and heard that Plaintiff completed the 6th grade. In response to the ALJ's hypothetical question, the VE identified two light, unskilled positions, machine tender and housekeeper. (Tr. 231). The machine tender position requires Reasoning Level 2 and the housekeeping position requires Reasoning Level 1, which fall into the "unskilled" classification. DOT 524.685-038, 1991 WL 674395, DOT 323.687-014, 1991 WL 672783, SSR 00-4P, 2000 WL 1898704, at *3. As these positions are classified as unskilled, the Court finds there is substantial evidence to support the ALJ's decision that there are jobs Plaintiff could perform, and that the existing medical sources contain sufficient evidence for the ALJ to make a determination. The fact that the ALJ's RFC did not require unskilled jobs was harmless, inasmuch as the jobs identified by the VE were, in fact, unskilled, and his omission was simply a deficiency in opinion-writing, and had no bearing on the outcome. See

Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008). The ALJ therefore did not fail to fully and fairly develop the record.

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 3rd day of April, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)